CHARLES L. BLAKESLEE, Respondent, *v.* JEAN B. CATTELAIN and Others, Defendants.

NESTOR CATTELAIN, Appellant.

*Attachment — sufficiency of the moving affidavits.*

In proceedings by attachment the court will not be eager to prevent the enforcement of concededly legal and just claims of creditors in order to aid persons who voluntarily take at least questionable assignments of claims, of the character of which they must be charged with having notice, and particularly when such questionable transactions are between members of the same family.

The affidavit upon which a warrant of attachment was granted, after setting forth the usual facts as to the cause of action, stated : "That the defendants are about to remove their property from this State or secrete property with intent to defraud their creditors; that a sum of money is to be paid to defend-

ants, and they are arranging to place the same so that the same cannot be found ; that their agent has so declared and this deponent knows that they are busy to-day to accomplish this."

*Held*, that the fact therein stated, that the defendants were about to receive a sum of money and to place it so that it could not be found, and that their agent had declared that they would do this, was some evidence of the facts stated, and while perhaps it was slight, and not as convincing as might be required under some circumstances, it was sufficient to call upon the judge who passed upon the application in the first instance to exercise his judgment as to its sufficiency, and that his conclusion in granting an attachment thereon was binding on the General Term of the Supreme Court upon an appeal from an order denying a motion to vacate the same ;

That, under such circumstances, the General Term would not interfere with the determination of the judge who heard the application unless it appeared that he acted under a misapprehension of the facts or without jurisdiction to pass upon them.

APPEAL by Nestor Cattelain from an order of the Rockland county judge, made on the 24th day of November, 1894, and entered in the office of the clerk of the county of Albany on the 20th day of December, 1894, denying a motion to vacate a warrant of attachment made by the appellant, a party acquiring an interest in the attached property after the levying of the warrant.

The motion was made on behalf of one Nestor Cattelain, a person who claims to have acquired an interest in the property attached subsequent to the attachment, and before the actual application of the attached property to the payment of the judgment recovered in the action.

*Paul E. De Fere*, for appellant.

*George L. Stedman* and *George W. Stedman*, for the respondent.

STOVER, J. :

The affidavit upon which the attachment was granted, after setting forth the usual facts as to the cause of action, stated : " That the defendants are about to remove their property from this State, or secrete property with intent to defraud their creditors ; that a sum of money is to be paid to defendants, and they are arranging to place the same so that the same cannot be found ; that their agent has so declared, and this deponent knows that they are busy to-day to accomplish this."

The property attached was a deposit of $2,000 which became due to the defendants upon the determination of an action in which one

Buck was plaintiff and the defendants herein were defendants. The attachment was issued September twentieth and levied September twenty-first, the attached property being then in the custody of the clerk of Rockland county. On the twenty-sixth day of September an assignment of the judgment against Buck was made by Oscar Cattelain for himself and the other defendants, the defendants constituting the firm of J. B. Cattelain & Sons. The assignment was to Nestor Cattelain, a son of one of the defendants and brother of others, for a consideration of $100, expressed in the assignment.

The motion to vacate the attachment was made upon the papers upon which the attachment was issued and additional affidavits showing the assignment and proceedings in the case of *Buck* v. *Cattelain*, and some proceedings had subsequently to the levying of the attachment.

There was no defense interposed in this action, and judgment had been entered by default before the hearing of the application by the county judge. The appearance by the attorney states that he appears for Nestor Cattelain as a lienor, subsequent to the granting of the attachment, and the notice of motion is signed "Attorney for Nestor Cattelain, subsequent lienor." The affidavit of Nestor Cattelain states that he is the sole owner of the judgment against Buck, and the defendants covenant in the assignment that the sum of $1,270 is due upon the said judgment.

I think the order of the county judge should be affirmed. It may be that had the application been made to this court, or to either of the members thereof, more evidence of the facts with regard to the disposition of the property by the defendants would have been required, and it may be that an attachment would have been refused upon that affidavit, yet we cannot say that there was not sufficient to give the county judge jurisdiction of the matter and to permit him to pass upon the question of the sufficiency of the affidavits. We must assume that the facts therein stated are true, viz., that the defendants were about to receive a sum of money, and to place it so that it could not be found, and that their agent had declared that they would do this. It cannot be said that if the agent of the defendants had made such a declaration it is not some evidence of the facts stated; and while, perhaps, it is slight, and not as convincing as might be required under some circumstances, yet it was

sufficient to call upon the county judge, or whoever passed upon the application in the first instance, to exercise his judgment as to its sufficiency, and his conclusion thereon should be binding on this court. We ought not to interfere with that judgment, unless it appears that he acted under a misapprehension of the facts or without jurisdiction to pass upon the facts.

The evidence on the part of the defendants, on the application to set aside the order, shows that, for the consideration of $100, an assignment was made to the son of one of the defendants, and a brother of the others, of a claim upon which the defendants themselves covenanted there was $1,270 due, and to secure which a deposit of $2,000 had been made. This of itself appearing from the moving papers before the county judge, in connection with the affidavit of the plaintiff, would seem to be sufficient to warrant the county judge in denying the application, for he would have the right to consider whatever was before him at that time, and it would appear almost conclusively that not only had the intention to transfer the money beyond the reach of creditors existed at the time the warrant of attachment issued, but that, in furtherance of that design, the assignment to the son and brother for a nominal consideration had been actually made before the motion herein to vacate the attachment. Standing without explanation, I think it must be held that the papers show a design to place the moneys deposited as a security for the judgment in the *Buck* case beyond the reach of the plaintiff, a creditor of the defendants, who has since obtained a judgment for his claim. While every care should be taken to see that the provisions of the statute are carried out, and that the property of the individual should be secure, and his right to its enjoyment amply protected, yet the court ought not to be eager to prevent the enforcement of concededly legal and just claims of creditors in order to aid persons who voluntarily take at least questionable assignments of claims, of the character of which they must be charged with having notice, and particularly when such questionable transactions are between members of the same family.

The order of the county judge should be affirmed, with ten dollars costs and disbursements.

HERRICK, J., concurred.

Order affirmed, with ten dollars costs and disbursements.